OPINION OF THE COURT
Per Curiam.
The instant application is predicated upon an order issued by the District of Columbia Court of Appeals (29 A3d 473 [2011]) following receipt of the report and recommendation of an ad hoc hearing committee of the District of Columbia Board on Professional Responsibility, issued on or about September 13, 2011, which recommended approval of a petition for negotiated attorney discipline. According to the petition for negotiated discipline, the United States District Court, Eastern District of Michigan, Southern Division (hereinafter the Michigan Court), appointed the respondent, on or about July 18, 2003, as a monitor to evaluate compliance with two consent judgments involving the City of Detroit. Although the respondent’s position required her to remain neutral and independent from the parties, from in or about late 2003 through 2004, the respondent had “undisclosed and personal communications with then Detroit Mayor Kwame Kilpatrick” and, in early 2004, “intimate contact with the then Mayor.” After the Michigan Court confronted the respondent with these facts, she voluntarily resigned as monitor on July 22, 2009.
The District of Columbia Court of Appeals noted that the Michigan Court did not seek the respondent’s resignation and that, to the contrary, believed she could continue in her position as monitor. Moreover, the respondent mitigated her conduct by taking full responsibility for her actions and fully cooperating with District of Columbia Bar Counsel. Furthermore, the respondent did not have any prior disciplinary history, her conduct did not result in personal gain and neither negatively nor financially impacted the monitored cases, and no client was harmed. As a result of the respondent’s conduct, the recommendation of the ad hoc hearing committee to publicly censure the respondent was adopted.
In the absence of a verified statement from the respondent setting forth any of the three defenses to the imposition of reciprocal discipline enumerated in 22 NYCRR 691.3 (c), there is no impediment to the imposition of reciprocal discipline by this Court (see 22 NYCRR 691.3 [b]).
*128 Inasmuch as the respondent has asserted none of the enumerated defenses to the imposition of reciprocal discipline, the application of the Grievance Committee for the Ninth Judicial District is granted and the respondent is publicly censured.
Mastro, A.P.J., Rivera, Skelos, Dillon and Angiolillo, JJ., concur.
Ordered that the application of the Grievance Committee for the Ninth Judicial District to impose reciprocal discipline is granted; and it is further,
Ordered that pursuant to 22 NYCRR 691.3, the respondent, Sheryl L. Robinson Wood, admitted as Sheryl L. Robinson, is publicly censured.